Eaton v. Photocomm                    CV-98-057-JD   11/23/98
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Robert E. Eaton, Jr.
and Cynthia R. Brighton

        v.                            Civil No. 98-57-JD

Photocomm, Inc., et al.


                             O R D E R


        Plaintiffs pro se, Robert E. Eaton, Jr., and Cynthia R.

Brighton, bring suit against a group of defendants alleging

federal securities fraud and racketeering, and state law claims

including fraud, breach of fiduciary duty, interference with

business relationship, and defamation.  Plaintiffs' claims arise

from the 1997 takeover of Photocomm, Inc. by defendant, ACX

Technologies.  Defendants move, individually and jointly, to

dismiss plaintiffs' complaint contending that plaintiffs failed

to properly allege subject matter jurisdiction and that as to

particular defendants, personal jurisdiction is lacking, venue is

improper, service of process was improper, and as to Photocomm,

plaintiffs failed to state a claim (documents nos. 9, 11, 27, 29,

30, and 47).  For the reasons that follow, the issues raised in

defendants' motions cannot be resolved on the present record.

<u>Discussion</u>

Pursuant to Local Rule 4.3(d)(1)(A), the magistrate judge reviewed plaintiffs' pro se complaint to determine whether the court has subject matter jurisdiction over the claims alleged.[1] The magistrate judge held that plaintiffs had established subject matter jurisdiction based on the parties' diversity of citizenship, 28 U.S.C.A. § 1332, and the presence of federal question claims, 28 U.S.C.A. § 1331.[2] Plaintiffs' complaint

[1]Defendants challenge plaintiffs' pro se status, particularly the leniency afforded pro se pleadings, on grounds that plaintiff Robert E. Eaton, Jr., is a lawyer and has been a pro se party in at least one prior legal action. The evidence of Eaton's status as a lawyer referenced by defendants is that he included "JD" after his name in correspondence. From the complaint and attached materials, it appears that Eaton does not practice law professionally. <u>Cf.</u> <u>Rhode Island Hosp. Trust Nat. Bank v. Howard Communications</u>, 980 F.2d 823, 829 n.8 (1st Cir. 1992) (pro se plaintiff who was partner in a law firm not afforded "indulgence" of pro se litigants). Absent additional evidence of Eaton's proficiency in the legal profession or with the type of litigation involved in this case, the court declines to hold him generally to the stringent standards of an experienced lawyer. In addition, plaintiff Cynthia Brighton is not alleged to be a lawyer and is proceeding pro se on her own behalf. <u>See</u> 28 U.S.C.A. § 1654.

[2]Defendants also challenge plaintiffs' complaint on grounds that it lacks a jurisdictional statement as required by Federal Rule of Civil Procedure 8(a). As subject matter jurisdiction may be established by reading the entire complaint, particularly in the case of a pro se complaint, and as the magistrate judge has found jurisdiction in this case, the complaint will not be dismissed for lack of a jurisdictional statement at this time. <u>See, e.g.</u>, <u>Ayala Serrano v. Lebron Gonzalez</u>, 909 F.2d 8, 14 (1st Cir. 1990). In addition, if necessary, plaintiffs may be required to amend to allege proper jurisdiction. <u>See</u> <u>Odishelidze v. Aetna Life and Casualty Co.</u>, 853 F.2d 21, 24 (1st Cir. 1988).

2

cites RICO (Racketeer Influenced and Corrupt Organizations Act) as grounds for two claims. It is less clear that plaintiffs intended to maintain a securities fraud action under federal securities statutes. Despite plaintiffs' failure to cite applicable federal statutes in the complaint, their generic reference to securities fraud is construed to allege federal statutory securities law violations.

Both RICO and the Securities Exchange Act have specific provisions for venue and service of process. See 18 U.S.C.A. § 1965; 15 U.S.C.A. § 78(aa); see also, e.g., PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 70 (2d Cir. 1998); ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997), cert. denied, 118 S. Ct. 1364 (1998); Kaplan v. Reed, No. 97-S-857, 1998 WL 761475 at *10 (D. Colo. 1998); Securities & Exchange Commission v. Brooks, No. 94-167-JD, 1994 WL 369553 at *2 (D.N.H. 1994). Based on allegations in the complaint, plaintiffs' affidavits, and plaintiffs' objection to defendants' motions to dismiss, it is unlikely that venue is proper in New Hampshire. The p0arties, however, did not address the specific federal statutory provisions applicable to venue. Given the factual nature of an inquiry into proper venue, the court will

not undertake the necessary analysis sua sponte, and instead offers the parties an opportunity to address the appropriate statutory requirements.

Defendants' present motions to dismiss for lack of personal jurisdiction, improper venue, and improper service of process are dismissed without prejudice to refile as set forth herein. Defendants who continue to challenge venue in this district shall file, **within twenty (20) days of the date of this order**, a new motion to dismiss for improper venue. If plaintiffs do not concur in defendants' motion, plaintiffs shall have twenty days from the date defendants' motion is filed to file an appropriate response: (1) a motion to transfer to another district pursuant to 28 U.S.C.A. § 1404(a) or § 1406(a); or (2) an objection to defendants' motion supported with a memorandum of law including appropriate record citations and legal authority. In the event the court finds that venue is appropriate in this district, defendants shall have twenty days from the date of the order on venue to file motions addressing personal jurisdiction, service of process, and allegations of subject matter jurisdiction.

Defendant Photocomm also moved to dismiss on grounds that plaintiffs admitted in another motion in this case that they did not seek damages against Photocomm. Photocomm argues that plaintiffs do not state claims against Photocomm. In response,

plaintiffs seem to agree saying that Photocomm is not liable for the actions of any of its officers, directors, or those appointed by them. Plaintiffs also say that it is too early to know if Photocomm would be liable for its officers' and directors' illegal acts based on indemnity agreements and that they do not want to burden Photocomm's present shareholders with liability for the "pirate management." Based on those statements, the court concludes that plaintiffs do not intend to bring claims against Photocomm in their current complaint. All claims, to the extent any were alleged, are therefore dismissed as to Photocomm.

Conclusion

For the foregoing reasons, defendants' motions to dismiss (documents nos. 9, 11, 27, 29, and 30) are denied without prejudice to refile as provided in this order. Defendant Photocomm's motion to dismiss (document no. 47) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

November 23, 1998

cc:  Robert E. Eaton, Jr., pro se
     Cynthia R. Brighton, pro se
     Sulloway & Hollis
     Garry R. Lane, Esquire

5